IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TIMMOTHY LEE JENKS                                                  PLAINTIFF

v.                      Civil No. 5:21-cv-05192

INVESTIGATOR RUTLEDGE, Benton
County Sheriff's Department; B and L TOWING
and RECOVERY; CASEY JENKS; and
MANDY JENKS

                                                                      DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Timothy L. Jenks ("Jenks"), currently an inmate of the Benton County Detention Center ("BCDC"), filed this civil rights action under 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making this Report and Recommendation.

The case is before the Court for preservice screening of the Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I.    BACKGROUND**

On November 4, 2020, while he was in jail, Jenks says Casey Jenks ("Casey") and Mandy Jenks ("Mandy") unlawfully entered his home and stole the title to his 1953 Plymouth Cranbrook. (ECF No. 1 at 4-5). Jenks indicates Casey and Mandy then took his vehicle and hid it in their garage. *Id.*

On or about December 16, 2020, Jenks reported the theft to the Criminal Investigation Division ("CID") of the Benton County Sheriff's Department. (ECF No. 1 at 6). Jenks says his vehicle was recovered from Casey's and Mandy's garage by the Siloam Springs Police Department. *Id.* at 4 & 6. Jenks asked for the vehicle to be taken to his "POA's" home but instead the vehicle was taken to B & L Towing and Recovery ("B & L"). *Id.* Jenks asserts this permitted B & L to sell his vehicle on or about August 1, 2021. *Id.* at 6-7.

Jenks maintains the theft case is still "open and ongoing" and despite this his vehicle was sold by B & L. (ECF No. 1 at 7). Jenks alleges Investigator Rutledge was negligent in following through with the theft case. *Id.* at 6-7. Jenks has sued the Defendants in both their individual and official capacities. *Id.* at 5, 7, & 9.

As relief, since he cannot have his vehicle back, Jenks is seeking to recover the value of the vehicle and compensatory damages for his pain and suffering. (ECF No. 1 at 8). He is also asking for an award of punitive damages. *Id.*

## II.  APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes,* 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which

relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Moreover, a governmental entity is not liable for the negligent acts of its employees. *Russell v. Hennepin Cnty.,* 420 F.3d 841, 846 (8th Cir. 2005).

#### A. Investigator Rutledge

Jenks alleges Investigator Rutledge was negligent in failing to follow through on the theft case. At most, Jenks' allegations suggests that Investigator Rutledge may not have been diligent in keeping apprised of the status of the theft case. Negligence—even gross negligence—is not enough to hold a defendant liable under § 1983. *Farmer v. Brennan,* 511 U.S. 825, 835 (1994). Thus, no plausible claim is asserted against Investigator Rutledge.

3

### B. Casey Jenks and Mandy Jenks

In general, private individuals are not state actors and do not act under color of state law for purposes of § 1983. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982). "[T]he state-action requirement reflects judicial recognition of that fact that most rights secured by the Constitution are protected only against infringement by governments." *Id.* (cleaned up). An exception to the general rule is when a private individual works in conspiracy with governmental actors. *See e.g., United States v. Price*, 383 U.S. 787, 792 (1966). Here, Jenks makes no allegation that Casey and/or Mandy conspired with any state actors. In fact, the only state actor named as a defendant, Investigator Rutledge, was involved in recovering the vehicle and ensuring Casey and Mandy were charged with theft of property. No plausible claims are stated against Casey or Mandy under § 1983.

### C. B & L Towing

Jenks alleges that when his vehicle was recovered at Casey's and Mandy's house, it was towed by B & L and held due to the ongoing theft of property case. Despite the fact that the criminal case was still open, Jenks maintains B & L sold his vehicle. The Complaint contains no allegation as to whether there is a contractual relationship between the police and B & L. This is one factor that may be considered in determining whether a private entity is a state actor. However, in *Manhattan v. Community Access Corp. v. Halleck*, ___ U.S. ___, 139 S. Ct. 1921, 1931 (2019), the Supreme Court made clear that "the fact that the government licenses, contracts with, or grants a monopoly to a private entity does not convert the private entity into a state actor— unless the private entity is performing a traditional, exclusive public function." *Id.* The Court therefore focuses on the function being performed by B & L.

In *Smith v. Insley's, Inc.,* 499 F.3d 875 (8th Cir. 2007), Ricky Smith ("Smith") sued Insley's, a towing company, under § 1983 and state law. When Smith was arrested, his truck was towed by Insley's to its impound lot. *Id.* at 878. Insley's and other private towing corporations served--pursuant to a contract with the sheriff's office--on a monthly rotation to tow and store impounded vehicles. *Id.* Smith made efforts to retrieve his truck from impound but was told it was still being used for evidentiary purposes. *Id.* Insley's sent a letter stating that the truck would be sold unless he paid the storage and towing fees. *Id.* Smith's Mother and attorney were both advised that the truck was still being used for evidentiary purposes. *Id.* Insley's sold the truck and Smith sued. *Id.*

The Eighth Circuit addressed the threshold question of whether Insley's was a government actor for purposes of § 1983 liability. *Insley's,* 499 F.3d at 880. The Court stated that "we think it clear that Insley's was a state actor when it initially towed and stored the vehicle at the behest of the sheriff's office as part of an official criminal investigation. . . . . [Insley's] was performing a traditional governmental function of seizing and securing property for a criminal investigation." *Id.* The Court stated that "[a]t the very least, Smith is entitled to prove at trial that Insley's officials took and disposed of Smith's property without proper notice or a meaningful opportunity to object." *Id.* at 882. Based on this case law, the Court believes Jenks has stated a plausible Fourteenth Amendment due process claim against B & L.

## IV.   CONCLUSION

For these reasons, it is recommended that Jenks's claims against Investigator Rutledge, Casey Jenks, and Mandy Jenks be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b). By separate order the Complaint will be served on B & L.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of December 2021.

                                                */s/ Christy Comstock*
                                                CHRISTY COMSTOCK
                                                UNITED STATES MAGISTRATE JUDGE